**UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

No. 98-20739

_____

R.H. MEDICAL GROUP, INC. and RICHARD C. HOLDREN,

Plaintiffs -Counter Defendants Appellees,

versus

DOUGLAS R. COLKITT, M.D.,

Defendant - Counter Claimant Appellant.

DOUGLAS R. COLKITT, M.D.,

Plaintiff - Appellant,

versus

RICHARD C. HOLDREN,

Defendant - Appellee.

Appeals from the United States District Court
for the Southern District of Texas
(H-96-CV-4327)

January 3, 2000

Before JOLLY, EMILIO M. GARZA, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5ᵀᴴ CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5ᵀᴴ CIR. R. 47.5.4.

R.H. Medical Group, Inc. ("R.H. Medical") signed an agreement with Douglas R. Colkitt obligating R.H. Medical and its president Richard C. Holdren to locate medical clinics for Colkitt to purchase. R.H. Medical later initiated this action against Colkitt to collect commissions due under the agreement.

We review *de novo* the district court's finding that it had jurisdiction over Colkitt. *See Gundle Lining Constr. Corp. v. Adams Cty. Asphalt, Inc.*, 85 F.3d 201, 204 (5th Cir. 1996). Texas's long-arm statute, applicable here, creates personal jurisdiction to the extent permitted by due process. *See id.* Thus, Colkitt, as a non-resident, is subject to suit in Texas if: (1) he had minimum contacts with Texas; and (2) subjecting him to suit in Texas would not "offend traditional notions of fair play and substantial justice." *Id.* (quotations omitted).

Colkitt did not have minimum contacts with Texas. The contract was negotiated and signed outside Texas, he never traveled to Texas, and none of his acquisitions were in Texas. Instead, Holdren agreed to be in Pennsylvania when needed and to submit information to Colkitt in Pennsylvania. Colkitt's only contacts with Texas occurred when he sent some payments and correspondence there, and when he agreed to language in the contract specifying that Texas law would govern and that "all payments and performances under this Agreement with respect to acquisition shall be performable in . . . Texas." These contacts were not sufficient to subject Colkitt to personal jurisdiction in Texas. *See Stuart v. Spademan*, 772 F.2d 1185, 1192-96 (5th Cir. 1985). Accordingly, we VACATE the judgment below and REMAND with instructions to dismiss the claims arising from the action brought by R.H. Medical in Texas and to transfer Colkitt's claims against Holdren which he originally brought in Pennsylvania back to the Middle District of Pennsylvania. *See* 28 U.S.C. § 1404(a).